IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

MICHAEL EGGLESTON,
   *Defendant.*

Criminal Action No. ELH-15-0569

**MEMORANDUM OPINION**

Defendant Michael Eggleston, through counsel, has filed a "Motion To Reduce Sentence Pursuant To 18 U.S.C. § 3582(c)(1)(A)(i)." ECF 86 (the "Motion"). He seeks redress for the failure of the Bureau of Prisons ("BOP") to credit his federal sentence with the time that he spent in State custody on a charge of violation of probation ("VOP"). Defendant complains that, in effect, the length of his incarceration has been extended by eleven months, which corresponds to the time that he was held on the State VOP charge. ECF 86 at 1.

The government opposes the Motion. ECF 88. It has also submitted exhibits. Defendant has replied. ECF 89.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

**I.  Factual Background**

On May 19, 2016, defendant entered a plea of guilty to two offenses: possession with intent to distribute cocaine and ethylone, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *See* ECF 36. The plea was tendered pursuant to a plea agreement. ECF 38 ("Plea Agreement").

In the Plea Agreement, in accordance with Fed. R. Crim. P. 11(c)(1)(C), the parties agreed to a total sentence of 120 months in prison as the appropriate disposition. *Id.* ¶ 7. In particular, the parties agreed to a sentence of 60 months of imprisonment as to Count One and 60 months, consecutive, as to Count Two, which corresponds to the congressionally mandated minimum sentence. *Id.* ¶¶ 3‒17.

Notably, the plea was not conditioned on the award of credit to the defendant for the time that he spent in State custody in connection with the VOP charge. Indeed, no promises were ever made to the defendant about such credit.

The Presentence Report ("PSR", ECF 44) indicated that the defendant had been detained on the State VOP charge beginning August 19, 2015, and that he was released on July 16, 2016. *Id.* at 1. Yet, it also indicated that the State VOP charge was dismissed on May 18, 2016. *See id.* ¶ 33.

Prior to sentencing, defense counsel submitted a letter and an exhibit to the Court. ECF 45, ECF 45-1. Defense counsel asked the Court to adopt the parties' joint recommendation of a ten-year sentence. ECF 45. No mention was made of the VOP matter or of credit for time spent in State custody. *Id.*

Sentencing was held on August 2, 2016. *See* ECF 46. At sentencing, the Court was advised that the defendant was detained by the State on a VOP charge, beginning August 19, 2015, and that the VOP was dismissed in 2016. *See* ECF 88-2 (Sentencing Transcript) at 23-24. The Court responded: "So the violation was dismissed, then he should get credit from August 19 of 2015." *Id.* The prosecutor answered: "In all probability, Your Honor. But the Bureau of Prisons always does that final calculation. I'm always reluctant to make any promises." *Id.* In response, the Court said, *id.*: "Right. I was going to say that next. I write that [*i.e.*, the detention period, in the

2

Judgment], but I can't guarantee that's what BOP will do." And, the Federal Public Defender added: "I've explained that to Mr. Eggleston." *Id.* Again, the Court confirmed, *id.*: "But we"ll certainly write it [*i.e.*, detained since 8/19/15] on the J and C for what little it may be worth." *Id.*

The Court's Judgment (ECF 48) reflects a total sentence of 120 months. And, of import here, it expressly added the following text: "with credit from August 19, 2015." *Id.* at 2. Nevertheless, the BOP has declined to credit the defendant for the time he spent in State custody as of August 19, 2015. Rather, the defendant has received credit for the period of July 18, 2015 to July 20, 2015, and July 23, 2016 to August 1, 2016. ECF 86-1.

The government suggests that, eventually, the State violation of probation "was either recharged or reactivated and ultimately resulted in a conviction." ECF 88 at 2 n.1. As a result, the time that the defendant spent in State custody for the VOP, and for which he seeks credit in this case, has, in fact, been credited to a State sentence.

## II.     Standard of Review

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F. 4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18

U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

Section 3582 of Title 18 of the United States Code was first enacted as part of the Sentencing Reform Act of 1984. As originally enacted, it permitted a court to alter a sentence only upon motion by the Director of the BOP. *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). This meant that a defendant seeking compassionate release had to rely on the BOP Director for relief. *See Bethea*, 54 F.4th at 831; *see*, *e.g.*, *Orlansky v. FCI Miami Warden*, 754 F. App'x 862, 866–67 (11th Cir. 2018); *Jarvis v. Stansberry*, No. 2:08CV230, 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying compassionate release motion because § 3582 "vests absolute discretion" in the BOP).

For many years, compassionate release was an infrequent occurrence, because the BOP rarely filed such a motion on an inmate's behalf. *See Hr'g on Compassionate Release and the Conditions of Supervision Before the U.S. Sentencing Comm'n* 66 (2016) (statement of Michael E. Horowitz, Inspector General, Dep't of Justice) (observing that, on average, only 24 inmates were granted compassionate release per year between 1984 and 2013). However, as a result of the enactment of the First Step Act ("FSA") in December 2018, a federal inmate could file a motion for compassionate release directly with the court, so long as the inmate first exhausted administrative remedies. *See* Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) (codified as 18 U.S.C. § 3582(c)(1)(A)); *see also United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020).

With the passage of the 2018 FSA, Congress "broadened" the authority of courts to grant sentencing modifications. *Malone*, 57 F.4th at 173. Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes courts to modify a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction." *Hargrove*, 30 F.4th at 194. This provision is an exception to the ordinary rule that a federal sentence is final. *United*

4

*States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021). The FSA resulted in a sea change in the law.

In particular, the 2018 FSA authorized a court to reduce a defendant's term of imprisonment "upon motion of the Director of [BOP], *or upon motion of the defendant after the defendant has fully exhausted all administrative rights* to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. 18 U.S.C. § 3582(c)(1)(A) (emphasis added). That is, once a defendant has exhausted his administrative remedies, or after 30 days have passed from the date on which the warden has received the defendant's request, the defendant may petition a court directly for compassionate release. *Ferguson*, 55 F.4th at 268; *Jenkins*, 22 F.4th at 169; *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021); *McCoy*, 981 F.3d at 276.

Nonetheless, there are restrictions. Under 18 U.S.C. § 3582(c)(1)(A), the court may modify the defendant's sentence only if two criteria are met. *Brown*, 78 F.4th at 128; *Bethea*, 54 F.4th at 831. In other words, the analysis consists of "two steps." *Bond*, 56 F.4th at 383.

"First, the court must determine the prisoner is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' supporting relief." *Bethea*, 54 F.4th at 831 (citation omitted); *see also Bond*, 56 F.4th at 383; *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam), *cert. denied*, ___ U.S. ___, 142 S. Ct. 383 (2021). If that criterion is met, the court "must then find that release is appropriate under the 18 U.S.C. § 3553(a) sentencing factors, to the extent those factors are applicable." *Bethea*, 54 F.4th at 831; *see also Malone*, 57 F.4th at 174; *Hargrove*, 30 F.4th at 194; *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021); *Kibble*, 992 F.3d at 330.

Generally, "the district court enjoys broad discretion in conducting a § 3582(c)(1)(A) analysis." *Jenkins*, 22 F.4th at 169. However, as the Fourth Circuit has recognized, "when

5

deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)).

The Policy Statement codified at U.S.S.G. § 1B1.13 is titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" ("Policy Statement"). Critically, as discussed below, amendments to the Policy Statement took effect on November 1, 2023. Prior to the amendments, however, the Policy Statement began: "Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . ." U.S.S.G. 1B1.13 (2021). Interpreting this language in *McCoy*, 981 F.3d at 282, the Fourth Circuit stated that, "[b]y its plain terms . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)." Therefore, on the basis of that earlier text, the Court held: "When a defendant exercises his . . . right to move for compassionate release on his own behalf, § 1B1.13 does not apply, and thus § 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts." *McCoy*, 781 F.3d at 281. As a result, district courts were "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (citation omitted); *see also Jenkins*, 22 F.4th at 170.

As indicated, the Fourth Circuit based its holding in *McCoy* and other cases on a version of the Policy Statement that has since been amended, effective November 1, 2023. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254 (May 3, 2023) (providing notice of amendments to Congress). In particular, as a result of the amendments that took effect on November 1, 2023, the Policy Statement now begins: "Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of

6

imprisonment . . . ."  U.S.S.G. § 1B1.13 (2023) (emphasis added).  Thus, the Sentencing Commission has made the Policy Statement expressly applicable to defendant-filed motions under § 3582(c)(1)(A).  *Cf. McCoy*, 981 F.3d at 282.

Therefore, it appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that "§ 1B1.13 is not an 'applicable' policy statement," is no longer consistent with the Guidelines, as amended.  This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A). [1]

A court must ensure that any sentence reduction "is consistent with" the Policy Statement's provisions. 18 U.S.C. § 3582(c)(1)(A).  The Policy Statement provides, in part, U.S.S.G. § 1B1.13(a):

> (B) IN GENERAL.—Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction; or
>
> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

---

[1] Defendant's Motion was filed shortly before the amendments to U.S.S.G. § 1B1.13 took effect.  But, the Court applies the law in effect at the time of its decision, not the law in effect at the time the Motion was filed.  *Cf., Maryland Shall Issue, Inc. v. Governor Wes Moore*, ___ F.4th ___, 2023 WL 8043827 (4th Cir. Nov. 21, 2023) (ruling in accordance with law in effect at the time of the appellate decision, not the law in effect at the time of the district court's decision).  In any event, the Court would reach the same outcome under the law in effect before the amendments of November 1, 2023.

7

>   (3) the reduction is consistent with this policy statement.

The Policy Statement identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence. *Id.* § 1B1.13(b)(1)–(6). These are: certain medical circumstances of the defendant, such as terminal illness or the inability to receive specialized medical care while incarcerated, *id.* § 1B1.13(b)(1); the defendant's age, *id.* § 1B1.13(b)(2); the defendant's family circumstances, *id.* § 1B1.13(b)(3); the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, *id.* § 1B1.13(b)(4); the defendant received an "unusually long sentence," *id.* § 1B1.13(b)(6); and "any other circumstances or combination of circumstances . . . similar in gravity to" the circumstances "described in paragraphs (1) through (4)." *Id.* § 1B1.13(b)(5).

Prior to the amendments, the district court was obligated to consider all non-frivolous arguments for sentence reduction based on intervening changes in the law and factual developments. *Concepcion v. United States*, ___ U.S. ___, 142 S. Ct. 2389, 2396 (2022); *Troy*, 64 F.4th at 184; *United States v. Reed*, 58 F.4th 816, 822 (4th Cir. 2023); *United States v. Brice*, 2022 WL 3715086, at *2 (4th Cir. Aug. 29, 2022) (per curiam). Where appropriate, the district court had to "account not only for the circumstances at the time of the original offense but also for significant post-sentencing developments." *United States v. Mangarella*, 57 F.4th 197, 203 (4th Cir. 2023); *see Martin*, 916 F.3d at 397; *Kibble*, 992 F.3d at 334 n.3. However, such developments did not warrant a recalculation of the Guidelines. *Troy*, 64 F.4th at 184.

Notably, § 1B1.13(c) of the Policy Statement now specifies that, "[e]xcept as provided in subsection (b)(6)," which concerns an "unusually long sentence," "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be

8

considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." However, "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under [the Policy Statement], a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." *Id.*

Section 1B1.13(d) of the Policy Statement, which limits the weight a court may assign to a defendant's rehabilitation while serving a sentence, is also relevant. It provides that, "[p]ursuant to 28 U.S.C. §994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.* "However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.*

Even if a defendant establishes that extraordinary and compelling reasons warrant relief, the court must also consider the sentencing factors under 18 U.S.C. § 3553(a) to determine whether, in its discretion, a reduction of sentence is appropriate. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010); *Brown*, 78 F.4th at 128; *Mangarella*, 57 F.4th at 200, 203; *Malone*, 57 F.4th at 174; *Bethea*, 54 F.4th at 833; *Hargrove*, 30 F.4th at 195; *High*, 997 F.3d at 186; *Martin*, 916 F.3d at 397; *see also United States v. Jones*, 2022 WL 2303960, at *1 (4th Cir. June 27, 2022) (per curiam) (noting that "a court need not explicitly make findings on extraordinary and compelling reasons where consideration of the § 3553(a) factors counsels against release"); *United States v. Butts*, 2021 WL 3929349, at *2 (4th Cir. Sept. 2, 2021) (per curiam) (noting that, even if the district court finds extraordinary and compelling circumstances, it must consider the § 3553(a) factors to the extent applicable in exercising its discretion); *Kibble*, 992 F.3d at 329–30 (noting

that district court must consider § 3553(a) factors when considering a motion to reduce sentence under § 3582(c)(1)(A) and district court enjoys broad discretion in conducting this analysis); *United States v. Trotman*, 829 F. App'x 607, 608 (4th Cir. 2020) (per curiam) (recognizing that, when considering a motion to reduce sentence under § 3582(c)(1)(A), the court must consider the sentencing factors under § 3553(a), to the extent applicable); *United States v. Chambliss*, 948 F.3d at 693–94 (district court must give due consideration to the § 3553(a) factors). Notably, the recent amendments to the Guidelines did not alter this requirement.

The "factors include 'the nature and circumstances of the offense'; 'the history and characteristics of the defendant'; and the need for the sentence to 'provide just punishment,' 'afford adequate deterrence,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with . . . training, medical care, or other correctional treatment.'" *Jenkins*, 22 F.4th at 170 (quoting 18 U.S.C. § 3553(a)). As the Fourth Circuit has observed, "'many case-specific facts fit under the broad umbrella of the Section 3553(a) factors.'" *Bond*, 56 F.4th at 384 (quoting *Jackson*, 952 at 500). And, in weighing the § 3553(a) factors, the court may consider the terms of a plea bargain. *Bond*, 56 F.4th at 384–85.

"A district court need not provide an exhaustive explanation analyzing every § 3553(a) factor," nor is it "required to address each of a defendant's arguments when it considers a motion for compassionate release." *Jenkins*, 22 F.4th at 170; *see Chavez-Meza v. United States*, ___ U.S. ___, 138 S. Ct. 1959 (2018); *High*, 997 F.3d at 187. But, a district court abuses its discretion when it "act[s] arbitrarily or irrationally," "fail[s] to consider judicially recognized factors constraining its exercise of discretion," "relie[s] on erroneous factual or legal premises," or "commit[s] an error of law." *High*, 997 F.3d at 187 (internal quotation marks omitted); *see Jenkins*, 22 F.4th at 167; *see also Brown*, 78 F.4th at 132 (criticizing district judge's "cursory" consideration of the

§ 3553(a) factors); *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018). And, "'the record as a whole'" must demonstrate that the judge considered the parties' contentions and had "'a reasoned basis'" for the exercise of judicial discretion. *Malone*, 57 F.4th at 176 (citations omitted); *see also United States v. Puzey*, 2023 WL 2985127, at *2 (4th Cir. Apr. 18, 2023) (per curiam).

That said, "[h]ow much explanation is 'enough' depends on the complexity of a given case." *Gutierrez*, 2023 WL 245001, at *3; *see United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021). For example, "when a defendant 'present[s] a significant amount of post-sentencing mitigation evidence, . . . a more robust and detailed explanation [is] required.'" *United States v. Cohen*, 2022 WL 2314300, at *1 (4th Cir. June 28, 2022) (per curiam) (quoting *High*, 997 F.3d at 190) (alterations in *Cohen*). In providing such an explanation, "a district court is permitted to add to its original, sentencing-phase consideration of the § 3553(a) factors when explaining its compassionate release ruling." *Bethea*, 54 F.4th at 834; *see Kibble*, 992 F.3d at 332. In any event, "the court must provide an explanation sufficient 'to allow for meaningful appellate review' in light of the particular circumstances of the case." *Cohen*, 2022 WL 2314300, at *1 (quoting *High*, 997 F.3d at 190).

### III. Discussion

The defendant maintains that the "unusual facts and circumstances" of this case constitute extraordinary and compelling reasons for relief under 18 U.S.C. § 3582(c)(1)(A)(i). According to the defendant, he is serving a sentence eleven months longer than the Court and the parties had anticipated. ECF 86 at 2-3.

The government argues that § 3582(c)(1)(A) "is not a proper vehicle for adjusting a sentence based on a defendant's assumptions about whether he should receive credit for prior time served." ECF 88 at 3.

I see no basis in 18 U.S.C. § 3582(c)(1)(A) for the relief sought by the defendant.

Among other things, the defendant's decision to plead guilty was not contingent on the award of pretrial credit by the BOP. Nor was the defendant ever assured or promised that the BOP would award the pretrial credit. To the contrary, the issue was raised for the first time at sentencing. The Court was told by defense counsel that the defendant had previously been advised by his own lawyer that the matter of pretrial credit is ultimately decided by the BOP. *See* ECF 58-2 at 24. And, the government and the Court reiterated that point. *Id.* However, the Court agreed to indicate on the Judgment that defendant had been in State custody as of August 19, 2015, and it did do so. *See* ECF 48.

To be sure, the parties and the Court were hopeful that the BOP would award defendant the credit that he now seeks. But, no promise was ever made to the defendant about the credit, and his plea was not based on such a promise. And, as noted, the Court did as it said it would do – the Judgment reflects that the defendant should receive credit from August 19, 2015. However, the BOP is not obligated to accept the Court's request. Indeed, by law, there is no apparent basis for the BOP to do so.

Under 18 U.S.C. § 3585(b), a defendant may receive credit for time served prior to the commencement of a sentence under certain circumstances, but in no event if the prior time has been credited against another sentence. And, it appears that defendant has already received credit for the time he now seeks. He cannot double dip; he cannot get credit twice. In any event, it is clear that the Attorney General, through the Federal Bureau of Prisons, and not the court, has sole responsibility to calculate the credit for time served in pretrial status. *See Owens v. United States*, RDB-12-2979, 2012 WL 5305328, at *1 (D. Md. Oct. 25, 2012).

Moreover, the compassionate release statute, on which defendant relies, is not the proper vehicle for redress. Several courts have concluded that a court may not grant compassionate release on the ground that the BOP has incorrectly credited prior time served. *See*, *e.g.*, *United States v. Garris*, 15-229, 2022 WL 102258, at *3 (D. N.J. Jan. 11, 2022); *United States v. Fleming*, 12-20620, 2022 WL 446743, at *3 (E.D. Mich. Feb. 14, 2022).

In sum, there is no legal basis to support the Motion. Therefore, I must deny it.

An Order follows.


Date:   December 18, 2023                             /s/
                                                Ellen L. Hollander
                                                United States District Judge